# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1027 | **DATE** | 7/20/2011 |
| **CASE TITLE** | Elinoff vs. UBS Financial Services, Inc. | | |

**DOCKET ENTRY TEXT**

The Court grants Sigele's Motion to Dismiss because the lawsuit falls within the probate exception to federal jurisdiction.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Linda Elinoff ("Elinoff") filed suit against UBS Financial Services, Inc. ("UBS") seeking a declaratory judgment for its refusal to transfer record ownership of two bank accounts opened by Mildred Sigele ("Mildred") to which Elinoff was the sole designated beneficiary when Mildred passed away. UBS filed a third-party claim against Kim Sigele ("Sigele"), the duly appointed executor of Mildred's estate ("Estate"), which is currently pending in the Circuit Court of Cook County. UBS seeks to interplead the assets of the two accounts and asks the Court to determine the rights to the assets as between Elinoff and Sigele. Sigele moves to dismiss the suit for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1) and the probate exception. For the following reasons, the Court grants Sigele's Motion to Dismiss under the probate exception to federal jurisdiction.

Elinoff is listed as the sole beneficiary of both an investment and a retirement account that Mildred held at UBS pursuant to a Transfer on Death Agreement and an IRA Beneficiary Designation Update Form that Mildred entered into on May 26, 2009. Compl. at ¶¶ 6-7. Subsequent to Mildred's death, on November 28, 2010, Elinoff contacted UBS to arrange for the transfer of record ownership of the accounts to herself. Compl. at ¶10. UBS, however, refused to transfer record ownership or control of the accounts to Elinoff. Compl. at ¶11. In its counter-claim, UBS alleged that it had received notice from Sigele, claiming the Estate's rights to the assets held in Mildred's accounts. Countercl. at ¶ 5. Accordingly, UBS moved to interplead the assets of the two accounts and filed a third-party claim against Sigele. Countercl. at ¶¶ 3, 6. Sigele then moved to dismiss.

**I.      Diversity Jurisdiction**

Elinoff's Complaint before the Court alleged diversity jurisdiction under 28 U.S.C. § 1332. Sigele now challenges the Court's jurisdiction, claiming that both she and Elinoff are Illinois citizens, thereby destroying diversity jurisdiction. The parties do not dispute that the amount in controversy exceeds $75,000.

| STATEMENT |
|---|

Statutory interpleader allows a stakeholder holding property that is claimed by two or more rival claimants to interplead the claimants. 28 U.S.C. § 1335. Statutory interpleader requires only minimal diversity: diversity is satisfied as long as any of the rival claimants are of diverse citizenship. Here, however, both Elinoff and Sigele—the claiminats—are citizens of Illinois and cannot satisfy diversity on this ground. *See Principal Mut. Life Ins. v. Juntunen*, 838 F.2d 942, 943 (7th Cir. 1988) ("The interpleader statute, 28 U.S.C. § 1335, is unavailable because the claimants are not of diverse citizenship.").

Nonetheless, "it is clear that if a case is properly within the diversity jurisdiction and the defendant files a third-party complaint against a resident of the plaintiff's state the court does not lose jurisdiction over the plaintiff's claim." *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1266 (7th Cir. 1983) (noting that jurisdiction should depend on the facts when the complaint was filed) (citations omitted); *see also Ellington v. Metro. Life Ins. Co.*, 217 F.2d 609, 610 (5th Cir. 1954) (finding federal jurisdiction "even though the rival claimants or some of them on each side are citizens of the same state."). The parties do not dispute that Elinoff's original Complaint satisfied 28 U.S.C. § 1332 and, as such, the Court retains jurisdiction over the case even though UBS added Sigele, an Illinois resident, as a third-party defendant.

## II. Probate Exception

"[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006); *see also Markham v. Allen*, 326 U.S. 490, 494 (1946). The probate exception promotes legal certainty and judicial economy by leaving probate matters to the "relative expertness" of state courts without "unnecessary interference." *Storm v. Storm*, 328 F.3d 941, 944 (7th Cir. 2003).

### A. Ancillary to a Probate Proceeding

The Court is not faced with a "pure" probate matter because the "case does not involve the administration of an estate, the probate of a will, or any other 'pure' probate matter." *Id*. at 944. Therefore, the Court looks to whether the case before it is "ancillary to a probate proceeding, thus depriving the federal courts of jurisdiction." *Id*. A matter is ancillary to a probate proceeding where, for example, "the substance and effect" of a lawsuit is a will contest. *Id*. at 944-45. "[M]ere labels—whether an action is styled as a tort action or will contest—are not decisive" in a Court's probate exception analysis. *Id*. at 945.

Illinois law allows for payable on death accounts and instructs institutions to distribute proceeds to beneficiaries where the beneficiary demonstrates: (1) legal evidence of death of all trustees or holders of the account; (2) identification from each beneficiary then living, or business records evidencing the lawful existence and parties authorized to collect on behalf of each beneficiary not a natural person; and (3) written direction from each beneficiary to close the account and distribute the proceeds in a form acceptable to the institution. 205 ILCS 625/10. Illinois law further allows the institution, if it faces conflicting claims to the account by beneficiaries or other parties, to refuse to distribute the proceeds "until the institution receives a determination of ownership by a court of appropriate jurisdiction." *Id*.

Here, UBS refused to pay Elinoff because it faced conflicting claims to the account. Accordingly, the "practical effect" of Elinoff's suit would be "similar to that of a successful will contest" because Elinoff seeks possession of a portion of Mildred's assets and there is currently pending in the Circuit Court of Cook County

| STATEMENT |
|---|
| a probate matter regarding Mildred's assets and Estate. *Id.* (finding that the probate exception applied even where no state court probate proceedings had been initiated); *cf. Hamilton v. Nielson*, 678 F.2d 709, 710 (7th Cir. 1982) (allowing federal jurisdiction where the probate of the will in state court had essentially concluded and the federal suit did not "seek to change the distribution of the assets of the estate."). Elinoff's suit seeks a determination of the ownership of assets and, as such, is closely related and ancillary to a will contest. The Court therefore finds that Elinoff's lawsuit falls within the probate exception and the Court will avoid interfering with ongoing state court proceedings. That Elinoff's UBS account is more akin to a trust or a "will substitute" than a will does not alter the Court's analysis. *Storm*, 328 F.3d at 947 (applying probate exception to a matter involving an *inter vivos* trust and noting that "we are loath to throw open the doors of the federal courts to disputes over testamentary intent simply because a decedent chose to use a will substitute rather than a traditional will."). <br><br> The Court grants Sigele's Motion to Dismiss because the lawsuit falls within the probate exception to federal jurisdiction. |